624 A.2d 82

BRUCE J. MELLWIG, JR., PLAINTIFF-RESPONDENT, v.
MARGARET T. KEBALO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 7, 1993—Decided May 3, 1993.

Before Judges R.S. COHEN, MUIR, Jr., and KESTIN.

*Montano, Summers, Mullen, Manuel, Owens & Gregorio,* attorneys (*Lawrence D. Lally,* of counsel and on the brief).

*George & Korin,* attorneys for respondent (*Jay J. Blumberg* and *Charles B. Austermuhl,* of counsel and on the brief).

The opinion of the court was delivered by

R.S. COHEN, J.A.D.

This is an auto negligence damage action arising out of a rear-end collision. In a bifurcated liability trial, defendant was found to be negligent and 100 percent responsible for the accident. In a separate damage trial, plaintiff was found to have suffered damages to the extent of $723,750. Defendant appealed, citing alleged trial errors in the damage trial, and arguing that the verdict was excessive. We have thoroughly reviewed defendant's arguments, and find them all to be clearly without merit. *R.* 2:11–3(e)(1)(B), (C), and (E). We add only the following brief comments.

■ Plaintiff had a back problem which required surgery three years before the accident. After the accident, plaintiff needed more invasive back surgery. It was only partially successful and, according to the orthopedic surgeon who performed both operations and testified on plaintiff's behalf, further surgery would probably be required. The surgeon's testimony, which the trial judge believed highly credible, was not consistent with plaintiff's testimony in all respects. Generally, however, it supported plaintiff's complaints of continuing disability and discomfort, and his continuing unemployment. *R.* 2:10–1, 4:49–1(a); *Baxter v. Fairmont Food Co.,* 74 *N.J.* 588, 596, 379 *A.*2d 225 (1977).

Although defendant's evidence might have supported a considerably lower damage verdict, plaintiff's case contained credible evidence that supported the jury's decision. The damage verdict was not excessive, and did not constitute a miscarriage of justice.

■ The trial judge did not mistakenly exercise his discretion in declining to permit defense counsel to question plaintiff on his receipt of PIP income continuation benefits. Counsel's purpose

was to show that plaintiff had an economic cushion which made him less anxious to return to work. Counsel's cross-examination on the general subject was thorough and effective. It elicited the information that plaintiff was receiving benefits from some source, but that they were not, in plaintiff's view, sufficient to make up for his inability to work. Evidence of PIP benefits is ordinarily inadmissible. *N.J.S.A.* 39:6A–12. Barring counsel from questioning plaintiff specifically about them was both consistent with the statute and, in light of the extensive cross-examination, entirely fair.

■ Defendant complains that plaintiff's surgeon was permitted to testify, through a *de bene esse* deposition, that plaintiff probably faced further surgery, even though the surgeon's written report did not say so. Counsel objected at the time of the deposition, and again at trial, but to no avail.

The future-surgery testimony was not forecast in the surgeon's report, and, if he appeared live at trial, a motion to exclude the testimony might well have been taken seriously. That was not the case, however. The *de bene esse* deposition was taken eight months before trial. During those eight months, counsel pocketed his objection for presentation at trial. He did not move for a ruling on his objection within thirty days, as prescribed by *R.* 4:14–9(f). Had he done so, a remedy fair to both parties could have been crafted. Before the *de bene esse* deposition, he did not take a discovery deposition. Afterwards, he did not seek to reopen the *de bene esse* deposition for further (or substitute) cross-examination.

■ A *de bene esse* deposition is taken for potential use at trial. However, it is not part of the trial itself, until so used. *Genovese v. New Jersey Transit Rail Operations,* 234 *N.J.Super.* 375, 382, 560 *A.*2d 1272 (App.Div.), *certif. den.,* 118 *N.J.* 195, 570 *A.*2d 960 (1989). It is inappropriate to treat objections to *de bene esse* deposition testimony as concealed weapons to brandish at a future trial. Discovery problems that develop at the taking of the deposition can be resolved if a prompt motion is made for a ruling.

■ Counsel should not expect a discovery objection made at a *de bene esse* deposition to remain viable at trial if there was a fair opportunity in the intervening time to move for a ruling on the objection pursuant to *R.* 4:14–9(f). A judge considering such a motion is not limited to granting or denying the objection made at the deposition, but may fashion a fair remedy suggested by all of the circumstances, including the amount of time remaining before trial. If the objecting party is put to extra work or expense by the careless or purposeful derelictions of the party offering the deposition, an order can require the offering party to pay costs. *See, e.g., R.* 4:23–1(c).

Affirmed.